IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTIN MENDOZA, JR. | § | |
| (TDCJ No. 1834642), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:14-cv-3690-N-BN |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). On January 24, 2015, Petitioner Martin Mendoza filed a "Declaration for Entry of Default" [Dkt. No. 16]. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation as to that filing.

**Background**

Petitioner's 28 U.S.C. § 2254 habeas application was docketed October 15, 2014. *See* Dkt. No. 3. The next day, the Court granted Petitioner leave to proceed *in forma pauperis*, *see* Dkt. No. 5, and ordered Respondent to answer the application by December 17, 2014, *see* Dkt. No. 6. But, prior to that deadline, on December 12, 2014, Respondent requested an extension of time, up to and including January 16, 2015, to file his answer, citing the other work-related and personal obligations of the attorney

assigned to this case. *See* Dkt. 8. Although it was presumed, pursuant to Local Civil Rule 7.1(b)(3), that Petitioner would oppose the relief requested in Respondent's motion, the Court found good cause and granted the motion pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) on December 15, 2014. *See* Dkt. No. 9. The answer was then timely filed on January 6, 2015. *See* Dkt. No. 13.

In his declaration, which Petitioner certifies he placed in the prison mail system on January 24, 2015, Petitioner requests entry of default because "Respondent has failed to answer or defend as to [his] complaint, or serve a copy of any answer to petitioner by the deadline ordered by the Judge on respondent's Motion for Extension of Time[, requiring] an answer no later than January 16, 2015." Dkt. No. 16 at 1.

The undersigned now concludes that Petitioner's request for entry of default should be denied.

## Legal Standards

"Default judgment is not appropriate in a habeas proceeding because the failure of respondent to file an answer does not entitle petitioner to habeas corpus relief." *Northrup v. Thaler*, C.A. No. C-10-085, 2010 WL 2720655, at *1 (S.D. Tex. June 23, 2010), *rec. adopted*, 2010 WL 2720658 (S.D. Tex. July 8, 2010) (citing *Wiggins v. Procunier*, 735 F.2d 1318, 1321 (5th Cir. 1985) (which in part relied on *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir. 1974) ("[A] habeas corpus petitioner[ should not be] release[d] in the event of a failure to make a timely return, for the burden of default would then fall upon the community at large." (citations omitted)))) (other citations omitted); *see also Beall v. Cockrell*, 174 F. Supp. 2d 512, 517-18 (N.D.

-2-

Tex. 2001) ("Many courts, including the Fifth Circuit, frown on the use of default judgments to grant habeas relief without reaching the merits of the claim." (citing *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981) ("dilatoriness, standing alone, does not provide a sufficient basis for granting the writ") and collecting other authority)).

## Analysis

Even if entry of default was an appropriate option, that option would not apply in this case. Here, as in *Northrup*, Respondent timely filed his answer in compliance with a court order extending the answer deadline and certified that the answer was sent by mail to the petitioner at his last known address. *Compare* 2010 WL 2720655, at *1, *with* Dkt. No. 11 at 1 (Petitioner's change of address notification – noting his move to the TDCJ – Byrd Unit – which Petitioner certified was sent to Respondent on December 24, 2014) *and* Dkt. No. 13 at 23 (reflecting that the answer was mailed to Petitioner at the Byrd Unit). "Thus, [P]etitioner's argument that he is entitled to relief because [R]espondent has not filed an answer is un-founded." *Northrup*, 2010 WL 2720655, at *1.

## Recommendation

Petitioner's request for entry of default [Dkt. No. 16] should be denied.

But because, since his move to the Byrd Unit, Petitioner has twice filed change of address notifications, *see* Dkt. Nos. 14 and 15, Respondent should be directed to resend the answer to Petitioner at his last known address.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 3, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE