IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTIN MENDOZA, JR. (TDCJ No. 1834642), Petitioner, | § § § § § | |
| V. | § § | No. 3:14-cv-3690-N-BN |
| WILLIAM STEPHENS, Director Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | § § § § § § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO APPOINT COUNSEL**

Petitioner Martin Mendoza, Jr. has filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). *See* Dkt. No. 21. The Court DENIES the motion for the reasons explained below.

"No constitutional right to counsel exists in federal postconviction proceedings." *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. Dec. 28, 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012). But, "under § 3006A(a)(2)(B), a § 2254 petitioner should be appointed counsel when 'the interests of justice so require.'" *Urias*, 455 F. App'x at 523 (quoting 18 U.S.C. § 3006A(a)(2)(B)).

> The exercise of discretion in this area is guided ... by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim.

*Jackson v. Coleman*, Civil No. 3:11–CV–1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012) (citing *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991)); *see Scoggins v. MacEachern*, Civil Action No. 04–10814–PBS, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.' The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986) (other citations omitted)).

While Petitioner has moved for appointment of counsel pursuant to Section 1915(e)(1), under which a "court may request an attorney to represent any person unable to afford counsel," *id.*, the decision to appoint counsel under "§ 3006A(a)(2)(B) ... is similar to the standard applied in deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1), wherein the determination to appoint counsel hinges on the characteristics of the claim and the litigant." *Lyle v. United States*, Civil Action No. JFM–09–727, Criminal No. JFM–02–395, 2009 WL 901523, at *1 (D. Md. Mar. 31, 2009) (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984)); *but see Tudor v. Harry*, No. 1:05-CV-827, 2007 WL 541979, at *1 (W.D. Mich. Feb. 16, 2007) ("As Petitioner is seeking relief under Section 2254, the application of 28 U.S.C. § 1915(e)(1) was clear error.").

Here, under Section 3006A(a)(2)(B), the interest of justice do not require that the Court appoint counsel for Petitioner at this time.

Petitioner has not yet filed a response to Respondent's answer. But, based on a preliminary review of the habeas application and the answer, the issues before this Court – evaluating, under Section 2254's highly deferential standard, whether the state court rulings as to Petitioner's claims (1) that his guilty plea was not voluntary, which could foreclose consideration of his search and seizure claim; (2) that he received ineffective assistance of counsel; and (3) that the state court violate his right to due process and equal protection – are typical issues that the Court addresses in the context of Section 2254 and are neither significant, exceptional, nor complex. Petitioner, moreover, has shown he is able to prosecute his claims by, for example, the filing of this motion, his motion for default, and his motion to amend the petition.

Although Petitioner's motion for appointment of counsel is denied without prejudice, the undersigned will review all briefing as well as the state court record already filed once Petitioner files his reply. And, if it appears that an evidentiary hearing is necessary, which could require the appointment of counsel, the Court will issue an appropriate order. *See* Rule 8, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

SO ORDERED.

DATED: February 19, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE